UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
M.N., individually, M.N., on behalf of   :
her child N.V., a minor,                 :
                         Plaintiff,      :    23cv7791 (DLC)
                                         :
                -v-                      :    OPINION AND
                                         :    ORDER
NEW YORK CITY DEPARTMENT OF EDUCATION,    :
                         Defendant.      :
                                         :
---------------------------------------- X

APPEARANCES:

For plaintiff:
Benjamin Jay Hinerfeld
Law Office of Benjamin J. Hinerfeld
1528 Walnut St Ste 1100
Philadelphia, PA 19102

Irina Roller
Law Offices of Irina Roller, PLLC
40 Wall St Ste 2508
New York, NY 10005

For defendant:
Marina Moraru
New York City Law Department
General Litigation Division
100 Church St
New York, NY 10007

Vivian Rivera Drohan
Drohan Lee LLP
5 Penn Plaza Ste 19th FL
New York, NY 10001

DENISE COTE, District Judge:

    Plaintiff brings this action to recover attorney's fees

pursuant to the fee-shifting provisions of the Individuals with

Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. ("IDEA").

For the following reasons, plaintiff's motion for fees in the amount of $114,764 is granted in part.  Plaintiffs are awarded attorney's fees and costs in the amount of $48,375.

### Background

Plaintiff M.N. (the "Parent") is the grandparent and co-guardian of N.V. (the "Student"), a child with a disability. This litigation pertains to work performed by the Law Offices of Irina Roller ("LOIR") between 2019 and 2023 to secure an appropriate education for the Student for three consecutive school years beginning in the fall of 2019.

The Parent signed a separate retainer agreement with LOIR for each of the three school years.  On April 4, 2019, Parent signed a retainer agreement ("2019 Retainer") that the Parent would provide a "non-refundable retainer in the amount of $6,000"; that an additional payment of $1,650 would be due ten business days before each scheduled hearing day; and that the parent would not need to make any additional payments during the hearing process, as long as she cooperated with attorney fee recovery from the school district and did not settle the matter without attorney fees being included in the settlement agreement.

The 2019 Retainer further provides that the $6,000 retainer "is non-refundable even if the Firm recovers legal fees pursuant

to the fee shifting provision of the IDEA."  In addition, the retainer states that "[i]f the Client prevails in this matter, there may be a right to recover attorney fees from the school district.  Unless the Client has fully paid the Firm for services rendered and expenses incurred, the Client assigns to the Firm this fee-recovery claim."  Finally, the retainer provides that "should excess fees be received from the Client and/or school district, excess fees will be refunded to the Client."

The terms of the retainer agreements for the next two years were largely the same.  The only difference of note was the increase in the amount of the minimum fee for the 2021 retainer to $7,500.

Represented by LOIR, the Parent requested a hearing to contest the adequacy of the individualized education program ("IEP") for each of the three school years and to seek reimbursement for the Student's private school tuition.  In connection with the school year 2019-2020, the hearing was held on four days between February 6 and May 31, 2022, and the hearing officer ruled in favor of the Parent on October 7, 2022. The same hearing officer ruled on the Parent's requests for the next two school years and ruled in her favor on both requests in April of 2023.  In connection with the school year 2020-2021,

the hearing was held in two days in February of 2023, and the hearing officer ruled in favor of the Parent on April 19, 2023. In connection with the school year 2021-2022, the hearing was held on November 10, 2022.  The hearing officer ruled in favor of the Parent on April 2, 2023.

Significant events in connection with the Parent's requests for reimbursement of N.V.'s tuition at a private school for each of the three school years are described next.  In total, the Parent asserts that the attorneys at LOIR spent 162.4 hours and LOIR's paralegals spent 53.6 hours on the administrative actions during this period.

A.   2019-2020 School Year

On June 13, 2019, a Committee on Special Education ("CSE") meeting was held to develop an individualized education program ("IEP") for N.V. for the 2019-2020 school year.  The Parent objected to various aspects of the proposed IEP, particularly its failure to offer adequate time for occupation therapy and speech therapy.  On June 17, the Parent sent the DOE a ten-day-notice letter stating her intention to seek reimbursement for N.V.'s tuition at the International Academy of Hope ("iHope").[1]

---

[1] LOIR had secured pendency orders allowing the Student to attend iHope at DOE expense at all times during the litigation described below.   See 20 U.S.C. § 1415(j); N.Y. Educ. Law § 4404(4).

LOIR initiated administrative proceedings against DOE by
letter dated January 27, 2020, requesting an impartial due
process hearing ("Hearing Request").  The Hearing Request
alleged that the DOE had violated the IDEA by denying N.V. a
free appropriate public education ("FAPE") for the 2019-2020
school year on various procedural and substantive grounds,
including that the New York City Department of Education ("DOE")
improperly classified the Student, failed to evaluate the
Student properly, failed to include sufficient occupational and
speech therapy in the 2019-2020 IEP, and failed to include
appropriate goals in the 2019-2020 IEP.  The Hearing Request was
six pages in length.

After settlement negotiations failed, a hearing took place
on four non-consecutive days between February 6 and May 31,
2022.  DOE called four witnesses in support of its case, arguing
that it did offer the Student a FAPE, that the Parent did not
meet her burden to prove that iHope was an appropriate
placement, and that equitable considerations weighed against
reimbursement.  LOIR submitted a 20-page closing brief, and on
October 7, 2022, the impartial hearing officer issued his
findings of fact and decision ("2019-2020 Decision").  The
hearing officer held wholly in favor of the plaintiff and DOE
did not appeal the decision.

B.    2020–2021 School Year

On June 17, 2020, Parent sent the DOE a ten-day-notice letter indicating that she would enroll the Student at iHope for the 2020–2021 school year and seek tuition reimbursement unless the DOE offered the Student a FAPE and on July 8, requested an impartial hearing ("Second Hearing Request").  The Second Hearing Request was five pages long.

From July 8, 2020 through November 30, 2022, the parties engaged in settlement discussions and appeared remotely before an impartial hearing officer for almost 20 status conferences. On November 30, about two months after the 2019–2020 Decision was issued, the DOE told Parent it would not pay the Student's full tuition for the 2020–2021 school year.  The Second Hearing began on February 2, 2023, on which date the DOE stated it would neither introduce evidence to prove it had offered the Student a FAPE nor concede that it had failed to do so.  The trial took place over two non-consecutive days.  On April 19, 2023, the hearing officer issued the 2020–2021 Decision, finding that DOE denied the Student a FAPE, that iHope was appropriate, and that no equitable considerations warranted a reduction in reimbursement.  DOE did not appeal the 2020–2021 Decision.

C.    2021–2022 School Year

On June 17, 2021, Parent sent the DOE a ten-days-notice letter seeking tuition reimbursement for Student's placement at

iHope for the 2021–2022 school year unless DOE offered the Student a FAPE.  On June 25, the CSE convened to propose an IEP for the Student.

On July 6, LOIR sent a letter requesting an impartial hearing ("Third Hearing Request").  The Third Hearing Request was nine pages long.

On July 9, the DOE emailed Parent that her case was "not appropriate for settlement."  Between October 15, 2021 and September 6, 2022, the parties attended several remote pretrial hearings.  At the hearing, the DOE again chose not to put forth evidence that it had offered Student a FAPE.  On April 5, 2023, the hearing officer issued the 2021–2022 Decision, again holding in Parent's favor.  DOE did not appeal the 2021–2022 Decision.

II.  Federal Action

Plaintiff filed this federal action seeking recovery of attorney's fees on September 1, 2023.  An Order of October 3, 2023 required the plaintiff to produce to DOE any records or documents necessary to assess the amount of attorney's fees by October 31 and required DOE to file an answer and issue an offer of judgment by December 27.  On December 20, DOE filed a letter stating that plaintiffs had provided their settlement demand and billing records on December 17.  Defense counsel represented that it had reminded the plaintiff of its obligation to produce its time records on October 14 and November 28.  In response to

the plaintiff's failure to adhere to the schedule set in the October 3 Order or to request an extension, the Court held a conference on January 4, 2024.

At the hearing, the Court inquired how LOIR could file a case seeking attorney's fees and not have the records available to provide to the defendant. Attorney Roller stated that the firm had to review the records to remove entries due to "billing judgment" and to determine whether redactions were necessary.[2] She added that she had lost track of this federal action since the work in the federal case is largely done by a paralegal. An Order of January 4 set a deadline of March 29, 2024 for the motion for attorneys' fees. On February 29, DOE provided a written settlement offer of $40,000.

On March 25, the plaintiff requested an extension of the motion deadline to April 23. The Court denied that request. The motion was fully submitted on May 3.

## Discussion

The plaintiff, as the prevailing party, is entitled to reasonable attorney's fees in this action. DOE argues that 1) plaintiff should not recover any fees because LOIR has not

---

[2] The time records associated with the first reimbursement request reflect that Ms. Roller spent just over 2 hours reviewing the time sheets in December 2023 before their production to DOE. Additional time was spent to review the records for the other two proceedings.

established that billing records were kept contemporaneously or
that M.N. authorized this federal action; 2) plaintiff's fee
award should be reduced by the amount of the non-refundable and
minimum retainer fees charged; and 3) LOIR billed excessively
and at unreasonable hourly rates.

I.   Calculation of Lodestar

The IDEA provides that "the court, in its discretion, may
award reasonable attorneys' fees as part of the costs . . . to a
prevailing party who is the parent of a child with a
disability."  20 U.S.C. § 1415(i)(3)(C); see H.C. v. New York
City Department of Education, 71 F.4th 120, 125-126 (2d Cir.
2023).  Attorney's fees may be awarded if they are "reasonable"
and "based on rates prevailing in the community in which the
action or proceeding arose for the kind and quality of services
furnished."  Id.

To determine the amount of a prevailing party's fee award,
a court must calculate the "lodestar" figure, which represents
the "presumptively reasonable fee."  Stanczyk v. City of New
York, 752 F.3d 273, 284 (2d Cir. 2014) (citation omitted).  The
lodestar figure is calculated "by multiplying the number of
hours reasonably expended on the litigation by a reasonable
hourly rate."  H.C., 71 F.4th at 126 (citation omitted).  As a
result, the "lodestar method produces an award that roughly
approximates the fee that the prevailing attorney would have

9

received if he or she had been representing a paying client who was billed by the hour in a comparable case," and "includes most, if not all, of the relevant factors constituting a reasonable attorney's fee."  Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551, 553 (2010) (citation omitted).  In "rare circumstances," a court may "adjust the lodestar when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee."  H.C., 71 F.4th at 126 (citation omitted).

A.   Reasonable Rate

The "reasonable hourly rate" is "the rate a paying client would be willing to pay after considering all pertinent factors, including the Johnson[3] factors."  Id. (citation omitted).  A court may "cite[] recent cases from the Southern District of New York to determine the prevailing market rate for experienced,

---

[3] The Johnson factors, derived from Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), are: "[t]he time and labor required"; "[t]he novelty and difficulty of the questions"; "[t]he skill requisite to perform the legal service properly"; "[t]he preclusion of other employment by the attorney due to acceptance of the case"; "[t]he customary fee"; "[w]hether the fee is fixed or contingent"; "[t]ime limits imposed by the client or the circumstances"; "[t]he amount involved and the results obtained"; the experience, reputation, and skill of the attorneys; whether the case is undesirable and may not be "pleasantly received by the community" or the attorney's contemporaries; "[t]he nature and length of the professional relationship with the client"; and "[a]wards in similar cases." Id. at 717-19.

special-education attorneys in the New York area."  Id.
(citation omitted).

Here, plaintiff proposes the following attorney rates: $550
for Benjamin Hinerfeld and Irina Roller, $500 for Jill Hornig
and Sherif Moussa, $485 for Jamie Mattice, $450 for Traci
Weissman, and $325 for Edward Perkins.  DOE contends that a rate
of $375 is appropriate for Irina Roller, Sherif Moussa, Jamie
Mattice, and Jill Hornig; a rate of $350 is appropriate for
Traci Weissman; and a rate of $220 is appropriate for Edward
Perkins.  DOE does not provide a suggested rate for Benjamin
Hinerfeld.

The plaintiff's proposed rates are not reasonable.  They
exceed the prevailing rates for litigation of this type in the
Southern District of New York.

Plaintiff presents two affidavits from LOIR attorneys,
three affidavits from other New York attorneys experienced in
the field of special education law, and two affidavits from LOIR
clients who are also attorneys, as evidence that "a paying
client would be willing to pay" rates of up to $600 per hour.
Id. at 126.  For attorneys with experience litigating IDEA
actions, however, courts in this district consistently award
fees ranging from $360 to $435 per hour.  See, e.g., S.B. v. New
York City Department of Education, 23-cv-3961 (PAE), 2024 WL

1406559, *6 (S.D.N.Y. Apr. 2, 2024) (awarding rates of $400 for attorneys with more than 10 years of relevant experience and between $225 and $310 for associates); Y.S. v. New York City Department of Education, 21-cv-10963 (AS), 2024 WL 1759218, *1 (S.D.N.Y. Apr. 24, 2024) (awarding $400 per hour for experienced attorneys and $300 per hour for associates); Doe v. Rye City School District, 22-cv-8898 (NSR), 2024 WL 1955536, *7 (S.D.N.Y. May 3, 2024) (awarding $435 per hour for more experienced attorney and $325 for less experienced attorney).

Turning to the Johnson factors, the underlying administrative proceedings for the first of the three school years were typical of most IDEA proceedings except for the delays caused by the pandemic.  The proceedings for the last two years were far shorter and simpler and requested substantially the same relief as requested for the first year.  LOIR obtained full relief for plaintiffs in each administrative proceeding and is skilled in representing clients in IDEA litigation.  LOIR has also presented evidence that two paying clients have paid her current hourly rate of $600, although much of its practice appears to be conducted principally on a contingency basis and in reliance on the fee shifting provisions of the IDEA.

As to other Johnson factors, none of the administrative actions presented novel or complex legal issues; instead, "[t]he

core relief sought -- an award of compensatory education -- is commonplace in IDEA proceedings." T.P. v. New York City Department of Education, 22-cv-9413 (PAE), 2024 WL 986587, *5 (S.D.N.Y. Mar. 7, 2024).  Nor does it appear, given counsel's admission at the January 4 conference that she "ha[s] an incredibly busy practice with several hearings going forward" at one time, that LOIR's representation of the plaintiff resulted in the preclusion of other employment.

As a result, a rate of $200 to $300 per hour for less experienced attorneys and up to $400 per hour for the most experienced attorneys is reasonable in this case.  Even the years of experience possessed by Ms. Roller and her most senior staff do not support awarding the heightened rates requested here.  Ms. Roller is entitled to be compensated at the rate of $400, instead of the $550 she seeks.  Ms. Jill Hornig, who shared responsibility for this representation, is entitled to be compensated at a rate of $350 per hour.  She is an experienced attorney, but as the plaintiff's application recognizes, is not entitled to charge as high a rate as Ms. Roller.[4]  From a review of the billing records, it appears that Ms. Hornig principally operated as a senior associate to support Ms. Roller.

_____

[4] The plaintiff seeks compensation at a rate of $550 for Ms. Roller and $500 for Ms. Hornig.

With respect to paralegal rates, courts in the Southern
District typically award fees for paralegal work in IDEA cases
at rates ranging from $100 to $125.  See, e.g., S.B., 2024 WL
1406559, at *8 (awarding $125 per hour); Y.S., 2024 WL 1759218,
at *3 (awarding $100 per hour); T.P., 2024 WL 986587, at *8
(awarding $110 per hour).  The requested rates here -- ranging
up to $200 -- exceed the prevailing rates.  Instead, an hourly
rate of $100 for paralegal work is reasonable here.

    B.   Reasonable Hours

    Plaintiff's attorneys seek fees reflecting 90.6 total hours
of attorney time and 17.5 hours of paralegal time for work on
the first administrative proceeding; 37.9 attorney hours and
23.7 paralegal hours on the second proceeding; and 33.9 attorney
hours and 12.4 paralegal hours on the third proceeding.
Plaintiff also seeks fees reflecting 31.8 attorney hours and
21.1 paralegal hours on the federal phase of the case.

    The defendant argues that plaintiff's counsel have billed
for excessive time in all three administrative proceedings and
the federal action.  DOE contends that the hours billed by LOIR
should be reduced by 10% for the first proceeding, 25% for the
second proceeding, 40% for the third proceeding, and 50% for the
federal action.

    The bulk of the work in the administrative proceedings was
performed by two attorneys:  Jill Hornig and Irina Roller.

14

These were the only attorneys to bill more than ten hours of work in any one of the three proceedings.  The billing records also reflect, not surprisingly, that less work was required for the second and third proceedings than the first.  Together, Ms. Roller and Hornig contend that they spent 83 hours working on the first proceeding; 30 hours on the second; and 30 hours on the third.

Most of the billing record entries are for increments of less than an hour, often for 0.1 or 0.2 hours.[5]  There are only 19 entries for the first proceeding that reflect one or more hours of work in a single entry.  Twelve of those entries are for Ms. Roller and six are for Ms. Hornig.[6]  Those 19 entries reflect roughly 50 hours of work.

In calculating "the number of hours reasonably expended," courts may "exclude hours that are excessive, redundant, or otherwise unnecessary," and may also "simply [] deduct a reasonable percentage of the number of hours claimed as a

---

[5] The billing records contain numerous .1 time entries (representing 6 minutes), such as three separate .1 entries for the following activities on the same day: "Updated calendar to include confirmation of upcoming status hearing," "confirmed date/time of hearing," and "emailed contact information for upcoming hearing."  Other gratuitous .1 entries include many entries for "receiv[ing] transcript and sav[ing] to electronic file."

[6] Another attorney spent 2.1 hours drafting the due process complaint on January 27, 2020.

practical means of trimming fat from a fee application." H.C.,
71 F.4th at 126 (citation omitted).  The complexity of the case
may also be considered in determining the reasonable number of
hours a case requires.  See H.C., 71 F.4th at 127.  District
courts have "ample discretion" in assessing the "amount of work
that was necessary to achieve the results in a particular case."
Cabala v. Crowley, 736 F.3d 226, 229 (2d Cir. 2013) (citation
omitted).

No enhancement is appropriate for the complexity of the
proceedings; the first proceeding was typical of IDEA
administrative proceedings; and the latter two proceedings were
far simpler than the first.  A review of the billing records
reflects that the reasonable amount of attorney hours expended
on the administrative actions is 60 hours on the first
proceeding and 45 hours, combined, on the last two proceedings,
for a total of 105 hours.  Half of this time will be compensated
at the rate of $400/hour and half at the rate of $350/hour.  The
reasonable award for paralegal hours is $100 per hour for 40
hours or $4,000.  The total award for the administrative actions
is $43,375.

1.   Federal Fees

With respect to the instant fee motion, LOIR submitted a 25
page memorandum of law in support of its application for fees, a
10 page reply, and numerous declarations.  Irina Roller and

Benjamin Hinerfeld both worked on the federal application, with paralegal Gaitree Bhoge assisting.  LOIR's billing records for the litigation of this fee application indicate the following.

Paralegal Ghaitree Bhoge initiated the case, including by drafting pleadings, in August and September 2023.  Nothing was billed between October 3 and December 17, when Irina Roller billed .8 hours to prepare settlement documents.  More settlement conversations occurred through March 2024.  In late March, Irina Roller and Benjamin Hinerfeld drafted the instant motion; in April, Boghe and Roller reviewed the opposition, and in early May, Hinerfeld drafted the reply.

More than half of the seven-page complaint in this case consists of boilerplate language applicable to any IDEA fees action; indeed, only the factual background differs from other IDEA fees cases filed by LOIR before this Court.  See, e.g., 23cv9662 (ECF No. 1).  The memorandum of law in support of plaintiff's motion for fees consists in large part of descriptions of the affidavits and resumes filed in support of the motion and general descriptions of the law pertaining to an award of attorneys' fees.  These passages did not require an investment of attorney time in this action because they could largely be copied and pasted from the other filings in this and prior cases.

LOIR billed 12.3 hours at $550 for drafting and review of plaintiff's reply memorandum.  The ten-page reply was more tailored to this individual case.

For this work, LOIR seeks over $22,000 in fees, reflecting over 31 hours of attorney work and 21 hours of paralegal work. This is not at all reasonable.  Neither the fee application nor the reply involved complex or unusual legal issues; the factual issues are simple.  To be sure, the reply addressed the arguments raised by defendant's opposition brief.  But LOIR failed to meet the Court's deadline to provide DOE with its billing records, which unnecessarily delayed the federal action. Although DOE should have brought this to the Court's attention, the burden was on LOIR in the first instance to provide billing records.  And, as in the administrative actions, many of paralegal's entries are excessive.  Therefore, the requested reward is substantially reduced to account for the delay and excessive billing in the federal action.  Plaintiffs are awarded $5,000 for the federal action.

II.  Other Arguments

DOE's remaining arguments are unavailing.  DOE offered the plaintiff $40,000 to settle this action.  Because the "relief finally obtained" is more favorable to Parent than the offer of settlement, the IDEA fee cap set forth in 20 U.S.C. 1415(i)(3)(D)(i)(III) does not apply.  Instead, the Parent was

18

"substantially justified in rejecting the settlement offer."  20 U.S.C. § 1415(i)(3)(E).

Next, although LOIR unreasonably delayed providing the billing records in this case, it ultimately did provide billing records for each underlying proceeding as well as the federal action.  There is no basis to find that these records were not kept contemporaneously.  Finally, the retainer agreements and affidavits produced by the plaintiff show that the plaintiff authorized the filing of this action and that the retainer agreement provided for the remission of excess fees to the plaintiff.

## Conclusion

Plaintiff's March 29, 2024 motion for an award of attorneys' fees and costs is granted in part.  Plaintiff is awarded $48,375 in attorneys' fees and costs, plus post-judgment interest.

Dated:    New York, New York
          June 20, 2024

DENISE COTE
United States District Judge

19